IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>TYRANE DEWAYNE COOK,<br><br>     Defendant. | **ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**<br><br>Case No. 2:18-cr-00435-1<br><br>Chief Judge Robert J. Shelby |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of

_____ is reduced to _____. If this sentence is less than

the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

        If the defendant's sentence is reduced to time served:

            ☐ This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release.  The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release.  The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____.

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has not demonstrated the existence of "extraordinary and compelling reasons" that would warrant a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  While defendant's medical condition, Type I Diabetes, could pose a risk of a more serious infection from COVID-19, it does not fall within one of the categories listed in the United States Sentencing Commission's policy statement.  *See* USSG 1B1.13, cmt. n.1(A).  Also, the risk posed by Defendant's medical condition is mitigated significantly by his relatively young age of forty-three.  Defendant has not established that his condition is terminal nor that it diminishes his ability to provide self-care within the prison environment, and the evidence before the court shows Defendant is receiving adequate treatment for his medical issues.

Moreover, Defendant's plans if he were to be released would subject him to a greater risk of being infected with COVID-19 than if he were to remain in prison.  If granted release, Defendant plans to live with his parents in Murray, Utah.  *See* Dkt. 39 (Eligibility Rpt.) at 4.  The state of Utah is currently experiencing the largest sustained increase in COVID-19 cases since the pandemic began, and Defendant's mother has explained that he would be unable to live with

her because her landlord has forbidden it.  *Id.*; *see also* https://coronavirus.utah.gov/case-counts/.

Defendant has no safe alternative to his current situation, which would defeat the purpose of his

request for compassionate release.  There are currently no active cases among inmates or staff at

FCI Sheridan—the facility at which Defendant is currently incarcerated.  Indeed, since the

beginning of the pandemic, there have only been five confirmed cases of the disease among

inmates at FCI Sheridan and none among staff members.  *See* https://www.bop.gov/coronavirus/.

Additionally, even if Defendant had demonstrated the existence of extraordinary and

compelling reasons, the court's consideration of the factors set forth in 18 U.S.C. § 3553(a)

shows a sentence reduction would not be warranted here.

☐   DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since

receipt of the defendant's request by the warden of the defendant's facility.

## CONCLUSION

For the reasons explained above, Defendant's Motion[1] is DENIED.

**SO ORDERED** this 16th day of October 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[1] Dkt. 38.